**Mary A. HARRIS, Appellant,**

v.

**Joyce A. LADNER, et al., Appellees.**

**No. 01–CV–1593.**

District of Columbia Court of Appeals.

Argued June 16, 2003.
Decided July 10, 2003.

Clifford A. Brooks, for appellant.

Sten A. Jensen, with whom Janet Pitterle Holt, Washington, DC, was on the brief, for appellees.

Before FARRELL, REID and GLICKMAN, Associate Judges.

PER CURIAM:

This is an appeal from a grant of summary judgment. Appellant Mary A. Harris sued Howard University and several of its employees, alleging that they unlawfully denied her application for tenure and promotion to the position of associate professor. The defendants first moved for summary judgment on Harris's claims in federal district court, to which the defendants had removed the case pursuant to 28 U.S.C. § 1441. The district court granted summary judgment to the defendants on Harris's federal law cause of action, which was for race and national origin discrimination in violation of 42 U.S.C. § 1981. In lieu of deciding whether the defendants were entitled to summary judgment on Harris's non-federal claims, the court remanded those claims to the Superior Court. After the district court's rulings were affirmed by the D.C. Circuit, the defendants asked the Superior Court to decide their pending motion for summary judgment on Harris's remaining claims for breach of contract, tortious interference with contract, tortious violation of a common law right of fair procedure, and fraudulent, negligent, or innocent misrepresentation. Judge Mize received supplemental memoranda and exhibits from the parties addressing statute of limitations issues, but otherwise declined to permit Harris to

augment the record created on the summary judgment motion in the district court. Judge Mize then granted summary judgment to the defendants on each of Harris's claims, explaining his reasons in a thirteen-page opinion.

■ We do not agree with Harris's first contention, that Judge Mize abused his discretion by not permitting her to reopen discovery or file additional exhibits and other pleadings in opposition to the pending summary judgment motion. In accordance with its scheduling orders, the district court had refused to accept several untimely supplemental submissions in opposition to summary judgment that Harris sought to file after the close of discovery and the relevant filing deadlines had passed. Harris does not contest the appropriateness of the district court's rulings, which the D.C. Circuit upheld on appeal as a proper exercise of that court's discretion to manage its docket. Whether or not the district court's rulings were "law of the case," *see, e.g., Johnson v. Capital City Mortgage Corp.,* 723 A.2d 852, 857 (D.C.1999), Judge Mize had ample reason to adhere to them. Generally speaking, upon remand of a removed case, as with the removal in the first place, the receiving court "takes the case up where the [transferring] court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 436, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (citation omitted); *see, e.g., Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1304 (5th Cir.1988) (holding that district court did not abuse its discretion by not reinstating pleadings that state court struck prior to removal). The receiving court therefore treats the pretrial orders of the transferring court as if they were its own. In the present case, Judge Mize was given no substantial reason to alter the scheduling orders and related rulings made by the district court. To the contrary, Judge Mize found specifically that Harris had more than adequate time and opportunity to make her record in the district court (where the case was lodged for a number of years before its remand to Superior Court). Harris has not established that this finding was clearly erroneous, nor has she shown that Judge Mize in fact excluded any evidence that might have made a difference to his decision on summary judgment. We perceive no abuse of discretion.

■ Harris's remaining contentions on appeal challenge the award of summary judgment to appellees on various substantive grounds. We uphold that award essentially for the detailed reasons furnished by Judge Mize in his written order. Contrary to Harris's contention, the law of the case doctrine did not prevent Judge Mize from deciding that certain of her breach of contract claims were time-barred. That was an issue the district court left open in its summary judgment ruling. The D.C. Circuit's earlier reversal of the dismissal of Harris's complaint on statute of limitations grounds on a Rule 12(b)(6) motion likewise did not settle the matter. *See Harris v. Ladner,* 326 U.S.App. D.C. 446, 450, 127 F.3d 1121, 1125 (1997) (focusing only on Harris's § 1981 claim, and expressly "leav[ing] open to the district court the possibility of disposing of this case as a matter of law after discovery").

■ Nor does Harris persuade us that her breach of contract claims satisfy the requirements of the "discovery rule" for tolling the running of the statute of limitations. Under the discovery rule, a cause of action accrues for limitations purposes "when the plaintiff has either actual notice of her cause of action or is deemed to be on inquiry notice because if she had met her duty to act reasonably under the circumstances in investigating matters af-

fecting her affairs, such an investigation, if conducted, would have led to actual notice." *Diamond v. Davis,* 680 A.2d 364, 372 (D.C.1996). Harris knew of her injury (in brief, the denial of tenure for undisclosed reasons despite her apparent qualifications without an interim opportunity to petition for reconsideration of the College Appointments, Promotions and Tenure Committee's adverse recommendation) and threatened to sue Howard University in December 1991 (more than three years before she ultimately filed her complaint). The fact that Harris may not have learned certain details until later, such as the College Dean's alleged duplicity in damning her application with faint praise after telling her that he would support it, is not enough to excuse her inaction. *See id.*

█ Finally, we perceive no error in the award of summary judgment to the individual defendants on Harris's claims that they tortiously interfered with her employment contract. Even assuming *arguendo* that these university employees were not merely "acting as agents of the other party to the contract," *Press v. Howard Univ.,* 540 A.2d 733, 736 (D.C.1988), Harris did not present sufficient evidence of malice on their part to withstand summary judgment. *See Sorrells v. Garfinckel's, Brooks Bros., Miller & Rhoads, Inc.,* 565 A.2d 285, 291 (D.C.1989).

The judgment on appeal is affirmed.